UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-00639-SSS-DTBx | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Gilbert Doro Gonzales et al. v. JP Morgan Chase, N.A. et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING AMENDED EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [DKT. 11]**

Plaintiffs Gilbert Doro Gonzales and Maria Elva Gonzales return to again apply ex parte for a temporary restraining order ("TRO") to prevent the foreclosure sale of their home. [Dkt. 11, "Compl. & TRO"]. Having reviewed Plaintiffs' arguments and their attached exhibits, the ex parte application is **DENIED**.

The Court recounted the history of the case in its previous order. [Dkt. 7, "TRO Order]. The Court previously denied Plaintiffs' application for a restraining order. The Court denied the application on the grounds that Plaintiffs had not given Defendants notice, not explained why the Court needed to grant the ex parte application before Defendants could be heard, and did not show a likelihood of success on the merits.

Plaintiffs have now returned with a new application. Again, Plaintiffs do not indicate that they have provided Defendants with notice of the application, so it has been filed ex parte. Plaintiffs have now given the contact information for various parties in the case, but do not indicate if those parties have been noticed, instead stating they "can be served" at various addresses. It is not the Court's responsibility to serve Defendants, it is the Plaintiffs'.

The Court again explains the procedural reasons their ex parte application must be denied. First, Plaintiffs did not provide adequate notice to any of Defendants' attorneys as is required under Local Rule 7-19.1. That rule provides that

> [i]t shall be the duty of the attorney so applying (a) *to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application* and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

C.D. Cal. R 7-19.1 (emphasis added).[1]  Oral notice is required to ensure that the opposing party received actual notice of the emergency application and to provide an opportunity to respond. *Election Integrity Project Cal., Inc. v. Padilla*, No. 2:21-CV-00032-AB (MAAx), 2021 WL 3828457, at *2 (C.D. Cal. Jan. 11, 2021); *Fin. Indus. Regul. Auth., Inc. v. Training Consultants, LLC*, No. SACV 12-1385 AG (JPRx), 2012 WL 13020027, at *1 (C.D. Cal. Aug. 28, 2012). An email alone without any efforts to orally advise opposing counsel does not satisfy Local Rule 7-19.1's notice requirements. *See Election Integrity*, 2021 WL 3828457, at *2; *Fin. Indus.*, 2012 WL 13020027, at *1.

Here, Plaintiffs do not indicate that they gave any opposing party notice of their application.

Second, Plaintiffs fail to show issuing a temporary restraining order ex parte is justified. When a Plaintiff has not given notice of a temporary restraining order to an adverse party, a temporary restraining order can only issue if a plaintiff has provided "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. Pro. 65(b)(1)(A). Plaintiffs have not shown that they provided notice to any adverse party. "[C]ourts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131* (9th Cir. 2006). While there is a foreclosure sale pending, Plaintiffs have not explained why there is insufficient time for notice to be provided and for the opposing parties to

---

[1] Under the Rules of this Court, "[p]ersons appearing pro se are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies to parties pro se unless the context requires otherwise." C.D. Cal. R. 1-3.

appear. Plaintiffs have not provided the notice of foreclosure, much less the date of foreclosure in their documents. Nor have Plaintiffs explained why they were without fault in creating the emergency, the Court in its earlier order already explained that Plaintiffs need to provide notice to the opposing parties. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (ex parte relief only justified on a showing (1) "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect").

Fundamentally, though, the issuance of a temporary restraining order turns in substantial part on whether Plaintiffs can demonstrate a likelihood of success on the merits, however Plaintiffs have not provided any successful basis for federal jurisdiction over their case. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, and treaties of the United States. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, federal courts have either diversity jurisdiction or subject matter jurisdiction.

In their earlier motion, Plaintiffs asserted jurisdiction by suing the Federal Home Loan Mortgage Corporation. [Dkt. 1-1]. Now, Plaintiffs have dropped the Corporation as a Defendant and argue there is federal question jurisdiction as they are bringing claims under the "Real Estate Settlement Procedures Act (RESPA), Fair Debt Collection Practices Act (FDCPA), and the Consumer Financial Protection Act (12 U.S.C. §§ 5531, 5536)." [Dkt. 10, "FAC" at 4]. Some sections of some of these statutes may provide a private right of action, but Plaintiffs only make a conclusory assertion that these statutes are broadly violated. Plaintiffs must explain, again, in numbered headings, with specificity, which statutes were violated and allege specific facts that explain how each element of each cause of action was violated. The Court is not in a position to even consider Plaintiffs' application until that point (and until Plaintiffs have noticed Defendants).

Plaintiffs present a sympathetic case, but they need to show some reason why this case is properly filed in federal court *as opposed to state court.*

Accordingly, the ex parte application is **DENIED** for failure to show such relief is justified. The Court's Order to Show Cause remains in effect.

**IT IS SO ORDERED.**