UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00639-SSS-DTBx | Date | May 2, 2025 |
| Title | Gilbert Doro Gonzales et al. v. JP Morgan Chase, N.A. et al. | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DENYING EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION [DKT. 58] AND STRIKING DUPLICATIVE FILING [DKT. 62]**

Plaintiffs Gilbert Doro Gonzales and Maria Elva Gonzales move for a preliminary injunction to halt the foreclosure sale of their home and prevent their eviction. [Dkt. 58, "PI Motion"; Dkt. 62].[1] Having reviewed Plaintiffs' arguments and their attached exhibits, the motion is **DENIED**.

The Court recounted the history of the case in its previous orders. [Dkt. 7, "First TRO Order"; Dkt. 12, "Second TRO Order"; Dkt. 55, "Third TRO Order"]. The Court has previously denied three applications by Plaintiffs for a temporary restraining order and other emergency relief. [*Id.*]. The Court denied the applications on the grounds that Plaintiffs had not given Defendants notice, not

---

[1] The second filed request for a preliminary injunction is identical to the first, and appears to be a duplicative filing. As such, the Court **STRIKES** the second motion. [Dkt. 62]

explained why the Court needed to grant the ex parte application before Defendants could be heard, and did not show a likelihood of success on the merits.

Plaintiffs have returned for a fourth time with a new motion for emergency relief. Now, Plaintiffs request a preliminary injunction to halt the foreclosure sale, and to halt their eviction. [PI Motion at 10].

It is again unclear whether Plaintiffs intend for their motion to be treated as a motion for a preliminary injunction, in which case they would have needed to notice their motion for hearing before the Court, or as an application for a temporary restraining order, in which case, Plaintiffs must explain whether it gave notice to Defendants and why the motion must be heard before Defendants can be heard in opposition. Plaintiffs have done neither.[2] The Court, however, will go on to explain why their application must be denied.

For the Court to issue a preliminary injunction, Plaintiffs must show: (1) they are "likely to succeed on the merits" of its underlying claims, (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [its] favor," and (4) the requested injunction "is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Additionally, the purpose of emergency relief "is to preserve the status quo and the rights of the parties until a final judgment issues in the cause." *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010).

---

[2] The Court recognizes that Plaintiffs are proceeding pro se. However, the Court reminds Plaintiffs that they must comply with the Local Rules of the Central District of California and the Court's Civil Standing Order, both of which are available on the Court's website. *Masjedi v. Fed. Commc'ns Comm'n*, No. CV 24-7605 2024 WL 4834285, at *3 (C.D. Cal. 2024) (noting that plaintiffs' "pro se status does not excuse or exempt [them] from complying with the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders"). Future failures to comply with the Local Rules of this Court and this Court's Civil Standing Order will result in the striking of documents or other action as necessary. The Court also advises Plaintiffs that repeated requests for emergency relief, on the same grounds as this motion, are unlikely to be entertained.

Compliance with these rules is important because as Plaintiffs invoke due process concerns, those same concerns apply to Defendants. Every party has a right to be heard before this Court.

In addition to the deficiencies identified in the Court's previous three orders, there are two key defects with this motion. [*See generally* First TRO Order; Second TRO Order; Third TRO Order]. First, Plaintiffs concede the foreclosure sale has already occurred, so the Court is unclear exactly what proceedings the Plaintiffs would have the Court enjoin. [PI Motion at 10 (requesting the Court "halt foreclosure proceedings until the case is resolved")]. Absent a concrete showing Plaintiffs are entitled to relief, the Court cannot grant their motion. Second, Plaintiffs ask the Court "prevent[] Defendants from evicting Plaintiffs from their home," but the Court is without power to do so. [*Id.*]. In eviction cases, the purchaser at foreclosure is exercising their right to evict the Current occupants of the property. According to Plaintiffs, Good Neighbor Homes LLC bought their property and is planning to evict them in 60 days. [PI Motion Ex. C]. Good Neighbor Homes LLC is not a Defendant to this action, they are not mentioned in the operative complaint, they have not been served, and so the Court lacks jurisdiction over them. *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *Best Buy Produce Int'l, Inc. v. Produceland & Trading, Inc.*, No. 2:24-CV-03207, 2024 WL 4875380, at *2–*3 (C.D. Cal. Apr. 19, 2024) (denying motion for temporary restraining order and preliminary injunction "[b]ecause Plaintiffs have not served Defendants" and so the Court "lack[ed] jurisdiction"). The Court cannot grant the relief Plaintiffs seek.

Accordingly, the motion is **DENIED** for failure to show such relief is justified. The Motion at Docket Entry 62 is **STRICKEN** as duplicative.

**IT IS SO ORDERED.**